## ST. PAUL FIRE & MARINE INS. CO. v. NELSON.

(Circuit Court of Appeals, Fifth Circuit. January 17, 1927. Rehearing Denied February 10, 1927.)

No. 4837.

1. Insurance ⟨⟩163(3)—Policy on furniture and fixtures of pharmacy held to cover articles used in sale of sandwiches and soda water, which was part of the business of insured; "such other furniture, fixtures, and equipment."

A policy of fire insurance on the furniture and fixtures of a pharmacy, including various articles enumerated and "such other furniture, fixtures, and equipment as is usual to the business of the assured," *held* to cover furniture and fixtures used for the sale of sandwiches, soda water, etc., which was part of the business of insured.

2. Insurance ⟨⟩163(3)—"Pharmacy," as used in policy insuring furniture and fixtures of a business, held not to restrict property covered.

In a policy insuring furniture and fixtures used in a business conducted as "Nelson's Pharmacy," the word "pharmacy," is without significance as restricting the property covered.

3. Insurance ⟨⟩282(2)—Agreement between insured and creditors held not to avoid policy, as showing that his interest was less than full ownership.

An agreement by which a committee of creditors of the proprietor of a business was to supervise his business and determine when and in what amounts he should make payments, executed before issuance of a policy of insurance on his furniture and fixtures, and not concealed from insurer, *held* not to avoid the policy, as showing that his interest in the insured property was less than full ownership.

In Error to the District Court of the United States for the Northern District of Texas; William H. Atwell, Judge.

Action at law by M. J. Nelson against the St. Paul Fire & Marine Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

E. G. Senter, of Dallas, Tex. (Senter & Strong, of Dallas, Tex., on the brief), for plaintiff in error.

Geo. S. Wright, of Dallas, Tex. (Will C. Thompson, of Dallas, Tex., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

FOSTER, Circuit Judge. Defendant in error, hereafter referred to as plaintiff, brought suit on a policy of fire insurance for $5,000, issued by the plaintiff in error, hereafter referred to as defendant. This policy was one of several covering the total risk. The case was tried to a jury, and resulted in a verdict for plaintiff in the sum of $4,392.52, on which interest at 6 per cent. per annum was allowed from March 1, 1925.

There are 35 assignments of error. As usual, very few of them have been pressed in argument. Those we consider of sufficient importance to merit discussion will be hereafter referred to.

[1] The policy, so far as is now material to the discussion, reads as follows:

"In consideration of the stipulations herein named and of twenty and 50/100 dollars premium does insure Nelson's Pharmacy for the term of one year from the 1st day of March, 1924, at noon, to the 1st day of March 1925, at noon, against all direct loss or damage by fire, except as hereinafter provided, to an amount not exceeding five thousand and no/100 dollars.

"1923. M. J. Nelson, operating as Nelson's Pharmacy. Form No. 121. Amended form.

"Mercantile Building Form.

"$5,000 on furniture and fixtures and equipment of every description, including cases, counters, back cases, chairs, shelving tables, cabinets, desks, typewriters, cash registers, safe, stationery and supplies of all kinds, floor coverings, sand and electrical furnishings and fixtures, all betterments to building, including booths, railings, stairway, balconade, partitions, and such other furniture, fixtures, and equipment as is usual to the business of the assured; all while contained in the four-story and basement brick composition roofed fireproof building situated and known as No. 1620–22 Main street, Dallas. File No. 7917.

"It is agreed and understood this policy does not cover on soda fountain, which is specifically insured."

It is contended by defendant that the policy covered only those articles incidental to a pharmacy, and therefore did not cover furniture and fixtures used for the sale of sandwiches, soda water, etc. This question was raised by objections to evidence, and by requests for special instructions, which were refused.

[2] It is plain from a reading of the policy that the word "pharmacy" was part of the plaintiff's trade-name, and is without significance as restricting the property covered. Everything within the building belonging to the plaintiff and pertaining to his business was intended to be covered by the policy, ex-

cept the soda water fountain. In charging the jury the court excluded that article from their consideration. There was no error in the rulings excepted to.

[3] In addition to other stipulations, the policy contained the following provisions:

"This entire policy shall be void if the insured has concealed or misrepresented, in writing or otherwise, any material fact or circumstance concerning this insurance or the subject thereof, or if the interest of the insured in the property be not truly stated herein. * * * . This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if the hazard be increased by any means within the control or knowledge of the insured, or if mechanics be employed in building, altering or repairing the within described premises for more than 15 days at any one time, or if the interest of the insured in the property be other than unconditional and sole ownership, or if any change, other than by the death of an insured, take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment or by voluntary act of the insured, or otherwise, or if this policy be assigned before a loss."

It appears that some time prior to the issuance of the policy in suit plaintiff had suffered damages from another fire, following which, on February 7, 1924, he entered into an agreement with nearly all his creditors, by which two of the large creditors agreed to contribute part of the insurance money coming to them for the purpose of repairing the fixtures in the store, and all the creditors agreed to extend their credits for from 90 days to a year, and in certain contingencies for an additional year. This agreement provided for a creditors' committee of three to advise plaintiff in the prosecution of his business and to supervise the performance of the agreement. Plaintiff agreed to turn over to this committee from time to time such amounts as they should deem proper and not prejudicial to the continuance of his business, after paying his current obligations and installments due on certain mortgage debts, to be distributed pro rata to the unsecured creditors. It is contended by defendant that this agreement violated the terms of the policy above set out.

As this agreement was executed before the policy, it, of course, could not increase the risk, nor does it show that the interest of the plaintiff was other than full ownership in the property insured. Furthermore, it is not shown that plaintiff made any attempt to conceal the agreement, or the fact that there had been a previous fire. It was not error for the District Court to exclude this agreement from consideration by the jury, and to refuse defendant's special request based thereon.

It also appears that, after the fire, plaintiff presented a proof of loss to defendant, in which he fixed his total loss at $30,750. Plaintiff offered this document in evidence for the purpose of showing compliance with the terms of the policy, and it was admitted over defendant's objection. The proof of loss had been made up after consultation with French, an independent insurance adjuster, who testified that the adjustment of this particular loss had been referred to him through the general agent of the defendant. In connection with the cross-examination of French, this proof of loss was again offered in evidence by counsel for defendant, for the purpose of showing estoppel of the plaintiff to claim more. There was evidence from the plaintiff that he had signed and sworn to the proof of loss because of the representation of French that the loss would be paid promptly, and that his actual loss amounted to something over $41,000. There was evidence from a number of other witnesses variously estimating the value of the property destroyed, all exceeding the amount shown by the proof of loss. To all of this evidence objection was made, and separate errors are assigned to its admission.

As it is quite evident that, in rendering its verdict for the proportion the policy bore to the other insurance, the jury held plaintiff to the amount shown in his proof of loss, and there was ample evidence tending to support the verdict. In the circumstances, no prejudicial error is shown in the admission of any of this evidence.

Other errors assigned are so wholly without merit that it is unnecessary to refer to them. We find no error in the record.

Affirmed.